## WIDICAN v. WIDICAN.

*Divorce—Error proceedings—Wide latitude of discretion given trial judge by reviewing court—Refusal of divorce reversed where evidence not conflicting—Court of Appeals to enter final judgment, when.*

1. In reviewing a divorce proceeding, as the trial judge in the determination of facts has the opportunity of observing the demeanor and conduct of the witnesses, and is charged with the duty of carrying out and promoting a sound public policy, he should be allowed a wide latitude of discretion.

2. When a divorce is refused by the trial court and error is prosecuted to the Court of Appeals, and there is no conflict in the evidence and the judges of the Court of Appeals are clearly and unanimously of the opinion that a divorce should have been granted, the judgment of the trial court should be reversed; and, there being presented only a question of law, the Court of Appeals may enter the judgment which the trial court should have entered.

(Decided June 11, 1925.)

ERROR: Court of Appeals for Summit county.

*Mr. Jonathan Taylor,* for plaintiff in error.
No appearance for defendant in error.

WASHBURN, J. In this case Theodore Widican brought suit against Anna Widican for divorce. Proper service was made upon the defendant, and she did not appear to contest the granting of the divorce. Upon a full hearing, a divorce was refused, and, a motion for a new trial being overruled, the plaintiff filed his petition in error in this court and made personal service of summons in error upon defendant. We are asked to reverse the judgment of the lower court.

We of course recognize that in the matter of reviewing a proceeding for a divorce this court should give a wide latitude of discretion to the trial court, in which the witnesses and parties appear in person, and where their demeanor and conduct may very materially assist the court in determining questions of fact, and where the court is charged, in some respects at least, with the carrying out and promotion of a sound public policy.

With this in mind, we have carefully read the record in this case, the case being submitted without argument or brief in this court, and we are unanimously of the opinion that under the evidence the plaintiff was entitled to a divorce, and that the finding and judgment of the court that he was not entitled to a divorce were clearly and manifestly contrary to law.

As in will contests no two cases are just alike, so there are no two divorce cases that are just alike, and hence it would serve no good purpose for us to set forth and comment upon the facts as disclosed by the record in this case. As has been said, we are clearly and unanimously of the opinion that the divorce should have been granted, and the judgment is therefore reversed.

There being no conflict in the evidence, and the record presenting only a question of law, we enter the judgment which the trial court should have entered, and plaintiff is granted a divorce for extreme cruelty of the defendant.

*Judgment reversed.*

PARDEE, P. J., and FUNK, J., concur.