Zimmerman, J.
 

 An unusually full statement of this ease has been deemed advisable for a better understanding of the somewhat complicated matters presented for decision.
 

 The first question of major importance is whether this action abated with the death of John E. Lerch. Section 11397, General Code, recites:
 

 “Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance,
 
 *56
 
 or against a justice of the peace for misconduct in office, which shall abale by the death of either party.”
 

 Divorce actions are not named among those which abate, nor do we find any other section of the statutes which might be so construed.
 

 Even in the absence of statute, it stands to reason that where one or both parties to a divorce action die before a final decree of divorce the action abates and there can be no revival. Circumstances have accomplished the primary object sought. 9 Ruling Case Law, 414, 415, Section 214. However the weight of authority supports the proposition that where death of one or both of the parties occurs
 
 subsequent to a decree of absolute divorce,
 
 whereby property rights are fixed, the action does not abate and the decree or judgment complained of may be carried forward for review in the higher courts through the prescribed procedure in the particular jurisdiction. 9 Ruling Case Law, 469, Section 283; 1 Corpus Juris, 171,. Section 289;
 
 Swanson
 
 v.
 
 Swanson,
 
 182 Minn., 492, 234 N. W., 675;
 
 Craddock’s Admr.
 
 v.
 
 Craddock’s Admr.,
 
 158 Va., 58, 163 S. E., 387;
 
 Bradshaw
 
 v.
 
 Sullivan,
 
 160 Ark., 547, 254 S. W., 1064;
 
 Craig
 
 v.
 
 Craig,
 
 110 Kan., 13, 202 P., 594;
 
 Higgins
 
 v.
 
 Higgins,
 
 204 Iowa, 1312, 216 N. W., 693.
 

 This court held, in the case of
 
 Coffman, Admr.,
 
 v.
 
 Finney, Admr.,
 
 65 Ohio St., 61, 61 N. E., 155, 55 L. R. A., 794, that where a decree of divorce has been pronounced in favor of a wife, awarding her alimony out of the real and personal property of her husband, and both parties die pending an appeal by the husband, the cause survives in favor of the personal representative of the deceased wife against the personal representative of the deceased husband. And see,
 
 Bell
 
 v.
 
 Bell,
 
 181 U. S., 175, 45 L. Ed., 804, 21 S. Ct., 551.
 

 Considerable property rights are involved in the instant case, and it is our determination that the action survived.
 

 
 *57
 
 The next questions engaging our attention are in whose name or names should revivor be had, and in what court.
 

 It will be noted from the statement of the case that the Court of Appeals, subsequent to the death of John E. Lerch and prior to the appointment of J. Lawrence Porter as executor, filed a
 
 mmc pro tunc
 
 entry reversing the judgment of the Court of Common Pleas and remanding the case to that court “for further proceedings in accordance with law.”
 

 Now, John E. Lerch, during his lifetime, had recovered what he considered to be a favorable judgment in the Court of Common Pleas. Had he survived he could have brought the judgment of the Court of Appeals to the attention of this court through motion to certify. Could this right be denied to his “representative or successor”?
 

 Revivor of actions in this state are controlled by Sections 11397 to 11414, inclusive, of the General Code. Section 11403 states:
 

 “A revivor also may be effected by a conditional order of the court, if made in term, or by a judge thereof, if in vacation, that the action be revived in the name of the representative or successor of the party who died, or whose powers ceased, and proceed in favor of or against him. ’ ’
 

 This was the section followed in the first instance by J. Lawrence Porter, as executor, and Addie M. Lerch, as a successor in interest, in attempting to secure a revivor.
 

 When properly invoked, the remedy of revivor provided by this section is a matter of right and not of discretion. Bates’ Pleading, Practice, Parties & Forms (4 Ed.), 522, Section 579a;
 
 Carter
 
 v.
 
 Jennings,
 
 24 Ohio St., 182;
 
 Spaeth
 
 v.
 
 Sells
 
 (C. C.), 176 F., 797.
 

 These sections relating to revivor are general in nature and are not limited in their application to any particular court. If revivor was proper in the instant
 
 *58
 
 case, it should have been had in the Court of Appeals, a review of the judgment there rendered being sought.
 

 Under the wording of our statutes relating to revivor, and considering the character of this case, we think that J. Lawrence Porter as executor and personal representative of the decedent, John E. Lerch, was entitled to demand revivor for the purpose of attempting to secure a review of the case in this court. We hold him to be the only necessary party in this respect. Addie M. Lerch, as a successor in interest to a part of the estate of John E. Lerch, was probably a proper person to join in the application. A number of the cases from other jurisdictions seem to recognize without question the right of an administrator or executor alone to prosecute appeal or error in cases of this kind. Thus, in
 
 Swanson
 
 v. Swanson,
 
 supra,
 
 this statement appears in the opinion:
 

 “When one party to a divorce action dies after the judgment and pending the appeal, and property rights are affected by the judgment, the personal representative of the decedent will be substituted and the judgment will be reviewed.”
 

 Had the Court of Appeals lost jurisdiction of the case through its action in filing the
 
 nunc pro tunc
 
 entry as of a former term? This question demands a negative answer.
 

 It is stated in 23 Ohio Jurisprudence, 680, Section 260: “The right of a court to enter judgment nunc pro tune is available in furtherance of justice only, and it is not available where it would operate to deprive a party of a substantial right, such as the right to file a motion for a new trial, or to prosecute a proceeding on appeal, or in error.”
 

 In this case the date upon which this entry was actually fixed, viz., March 30, 1934, is controlling.
 
 Charles
 
 v.
 
 Fawley,
 
 71 Ohio St., 50, 72 N. E., 294. A Court of Appeals has control over its judgments dur
 
 *59
 
 ing the term in which they are rendered.
 
 Board of Commrs. of Mercer County
 
 v.
 
 Deitsch,
 
 94 Ohio St., 1, 4, 113 N. E., 745;
 
 City of Cincinnati
 
 v.
 
 Alcorn, a Taxpayer,
 
 122 Ohio St., 294, 171 N. E., 330.
 

 Since J. Lawrence Porter, as executor and personal representative of John E. Lerch, deceased, was entitled to a revivor of the action in his name as a matter of right, it was the duty of the Court of Appeals in the furtherance of justice to have recalled its judgment entry and caused its amendment by including therein a revivor of the action in the name of J. Lawrence Porter, as executor, the judgment of reversal and the motion for revivor having both been incidents of the same term of court.
 

 All proper rights' of review in the higher courts should be preserved to litigants. If the action of the Court of Appeals in washing its hands of the case by refusing to allow a revivor or a bill of exceptions were to be upheld, it would be tantamount to denying this court the opportunity of reviewing the judgment of the Court of Appeals, no matter how erroneous.
 

 This is a court of last resort. In error proceedings we are primarily interested in the judgment of the Court of Appeals, and when the judgment of that court is determined to’ be wrong, and the judgment of the trial court right, we have the power to say so and render our judgment accordingly.
 

 Let us assume for the present that the judgment of reversal in the Court of Appeals was erroneous and ineffectual. If that judgment were allowed to stand and this court were precluded from doing anything about it, a grave injustice would result to J. Lawrence Porter, as executor, and the interests he represents, for through the erroneous judgment of the Court of Appeals obliterating the judgment of the Court of Common Pleas he would be irretrievably relegated to the latter court, wherein he would be helpless because remitted to proceed on the original
 
 cause of action
 
 in
 
 *60
 
 the cross-petition which died with John E. Lerch. If the original judgment in the Court of Common Pleas was valid, and if the Court of Appeals could not reverse it in the manner in which it was done, the rights of J. Lawrence Porter, as executor, are entitled to protection through the judgment of this court.
 

 The situation we are attempting to portray is treated in the case of
 
 Lewis
 
 v.
 
 St. Louis & Iron Mountain Bd. Co.,
 
 59 Mo., 495, 21 Am. Rep., 385, wherein the court says:
 

 “It is insisted that the action died with the person, and as the judgment in his favor was reversed, it was thereby entirely destroyed or annihilated, and nothing was left but a simple right to recover, which would abate at his decease. Had the reversal been in a court of last resort, where it would have been necessary to have a new trial on the merits, this effect might have been ascribed to it. The judgment in that event would not only have been annulled, but all the subsequent proceedings would have been on the original cause of action. But now if the judgment of the intermediate court * * * is reversed, the effect is to restore the judgment of the trial court.
 
 * * *
 
 The operation of the judgment is suspended, but new life and validity may be imparted to it.”
 

 And see
 
 Lew
 
 v.
 
 Lee
 
 [1924] (Can.), S. C. R., 612, [1925] 1 D. L. R., 179, 62 A. L. R., 1043, a decision by the Supreme Court of Canada.
 

 It might be better practice to remand this case to the Court of Appeals with directions to revive the action there in the name of J. Lawrence Porter, as executor, and allow the case to proceed to this court again. However, the record in this case has already been certified here upon our order. The case is before us for determination on its merits, and we are disposed to regard as done that which should have been done in the Court of Appeals, and without more ado make an entry on the docket of this court legalizing
 
 *61
 
 the appearance here of J. Lawrence Porter, executor, as the proper successor plaintiff in error to John E. Lerch, deceased. Revivor has been had in this court and error proceedings have also been entertained here without revivor.
 
 Foresman
 
 v.
 
 Haag,
 
 37 Ohio St., 143;
 
 Hanover, Admr.,
 
 v.
 
 Sperry,
 
 35 Ohio St., 244.
 

 Much of what has been said concerning the duty of the Court of Appeals to permit a revivor in the name of the personal representative of the decedent can be applied to that court’s refusal to allow and sign the bill of exceptions as such, if its contents were correct. The court’s refusal to do so upon the basis of lack of jurisdiction was clearly erroneous. However, the substance of the bill of exceptions presented was signed by two of the judges of the Court of Appeals under the somewhat unusual title of “Occurrences In This Court In the Above-Styled Case on the Twenty-Seventh Day of March, 1934.” It purports to show the presence of respective counsel for Ann Lerch and John E. Lerch; the two judges of the Court of Appeals who joined in the majority opinion of reversal; and the absence of the dissenting judge on account of illness. To it is attached as “Exhibit A” the judgment entry of reversal tendered by counsel for Ann Lerch on March 27, 1934, showing a reversal of the judgment of the Court of Common Pleas because the evidence submitted “was insufficient in law to entitle defendant in error [John E. Lerch] to judgment,” which entry was subsequently approved and filed by the Court of Appeals.
 

 “Exhibit B” is a copy of the entry of reversal tendered by counsel for John E. Lerch, showing “there is not sufficient evidence in the record to sustain the judgment of the Court of Common Pleas in granting a divorce to John E. Lerch on the ground of gross neglect of duty,” made upon a concurrence of two of the judges of the Court of Appeals. “Exhibit C” sets forth a copy of the entry prepared and approved by
 
 *62
 
 counsel for Ann Lerch shortly subsequent to the announcement of the majority decision of reversal by the Court of Appeals, which contains the statement that the judgment of the Court of Common Pleas is reversed “for the reason that said court erred in granting a divorce to the defendant, John E. Lerch; the evidence not being sufficient to sustain the granting of a divorce to the defendant on the ground of gross neglect of duty.” “Exhibit D” is a copy of the majority and dissenting opinions of the Court of Appeals. The objections of counsel for John E. Lerch to the entry marked “Exhibit A” are noted.
 

 This document bearing the unique caption “Occurrences In This Court In the Above-Styled Case on the Twenty-Seventh Day of March, 1934”, is before us in the record of the case. Its form is substantially that of a bill of exceptions. We have considered its contents.
 
 Herbert
 
 v.
 
 Butler,
 
 97 U. S., 319, 24 L. Ed., 958;
 
 Schultz
 
 v.
 
 Keeler,
 
 2 Idaho, 333, 13 P., 481;
 
 Dennis
 
 v.
 
 State,
 
 103 Ind., 142, 2 N. E., 349.
 

 The final question for determination is whether the Court of Appeals in fact reversed the judgment of the Court of Common Pleas on the weight of the evidence by a concurrence of only two members of the court, in contravention of Article IY, Section 6, of the Ohio Constitution, which provides:
 

 “No judgment of a court of common pleas * * * shall be reversed except by the concurrence of all the judges of the Court of Appeals on the weight of the evidence * * *.”
 

 It is apparent that the reversal by the Court of Appeals, no matter on what ground predicated, was by a concurrence of but two members of that court. If there was no evidence to sustain the findings and judgment of the Court of Common Pleas, such reversal was proper; if there was some evidence in support of such findings and judgment, the reversal re
 
 *63
 
 quired the concurrence of all three members of the court.
 

 The function of the Supreme Court here is not to weigh the evidence, but to determine whether ther'e is any evidence to support the findings and judgment of the trial court.
 
 Chicago Ornamental Iron Co.
 
 v.
 
 Rook, Admr.,
 
 93 Ohio St., 152, 112 N. E., 589; 2 Ohio Jurisprudence, 735 to 740, Sections 657 and 658.
 

 Counsel for plaintiffs in error contend that the judgment entry of reversal shows on its face, a reversal on the weight of the evidence by the use of the word “insufficient” in relation to evidence. This contention finds some support in the cases of
 
 Brittain
 
 v.
 
 Industrial Commission,
 
 95 Ohio St., 391, 115 N. E., 110, and
 
 Waldron
 
 v.
 
 N. Y. Central Ry. Co.,
 
 106 Ohio St., 371, 140 N. E., 161. Be that as it may, we are not so much concerned with the wording of the entry of reversal as we are with the true basis of the reversal.
 

 Under Section 11979, General Code, “any gross neglect of duty” is cause for granting a divorce. The statutes do not define this term and it is elusive of any concrete definition which can be applied to all cases. Necessarily, its application as a cause for the granting of a divorce must depend upon the circumstances of the particular case.
 

 It was conceded by counsel for Ann Lerch in open court upon the last oral presentation of this case to this court that the allegations of the first cause of action in the cross-petition, quoted
 
 ante
 
 in the statement of the case, are sufficient to constitute gross neglect of duty, if proved. The two members of the Court of Appeals rendering the majority opinion also assent to the proposition “that circumstances attending and coupled with a desertion of willful absence may constitute a gross neglect of duty.” The sufficiency of the evidence to establish gross neglect of duty becomes the issue. The trial court and one member of the Court of Appeals were of opinion that the necessary quan
 
 *64
 
 turn of evidence was produced in the instant case; two members of the Court of Appeals were of opinion that it was not.
 

 Of course, willful absence for a period of less than three years unattended by any aggravating circumstances is not a cause for divorce in this state and cannot be classed as gross neglect of duty, but desertion for a shorter period than three years accompanied by aggravating circumstances may be gross neglect of duty and a cause for divorce.
 
 Smith
 
 v.
 
 Smith,
 
 22 Kan., 699.
 

 Where a particular case presents evidence of aggravating circumstances the adequacy of such aggravating circumstances to constitute gross neglect of duty is the question to be decided. What one person might consider sufficient another would not. A weighing of the evidence and an appraisal of its probative value are thus involved.
 

 It is said in 19 Corpus Juris, 69: “Since the statutes do not define gross neglect of duty, its interpretation is to be left to the sound discretion of the court.” And in 9 Ruling Case Law, 470, Section 284, this statement appears: “As a general rule the verdict or decision of the trial court as to the sufficiency of the evidence to warrant the granting or denial of a divorce should not be disturbed on appeal unless it is very plain to the appellate court that the conclusion reached cannot be supported by any rational view of the evidence.” See, also, 14 Ohio Jurisprudence, 393, Section 14. In order that the above quotations may not carry a mistaken implication we hasten to add that when it is plain to a reviewing court that the conclusions reached by the trial court cannot be supported by any rational view of the evidence, the duty rests upon the latter court to render its judgment accordingly.
 

 From an examination of the record in the instant case it is our determination that there is at least some
 
 *65
 
 evidence to sustain the findings and judgment of the Court of Common Pleas. Such evidence is sufficient to support the following conclusions: That John E. Lerch was a chronic invalid; that the nature of his affliction required that he he constantly watched and assisted; that Ann Lerch performed such services frequently from the inception of the disease to the final separation; that this was a duty devolving upon her as a wife and in fulfillment of the obligations imposed upon her by Section 7995, General Code; that John E. Lerch was in need of and entitled to her care and ministrations; that she deserted him without just cause. These are in substance the conclusions of the trial court and the basis of the finding that Mrs. Lerch was guilty of gross neglect of duty.
 

 In the last analysis we cannot escape the conclusion that this case was reversed by the Court of Appeals on the weight of the evidence by a concurrence of but two of the judges. Under constitutional prohibition this cannot be done. The judgment of reversal was therefore erroneous and ineffectual and the judgment of the Court of Common Pleas remained undisturbed. The action required of us is to reverse the judgment of the Court of Appeals and affirm that of the Court of Common Pleas.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Bevis and Wilkin, JJ., concur.