COLEMAN, A MINOR, APPELLANT, *v.* COLEMAN, A MINOR, APPELLEE.

(No. 270—Decided March 25, 1941.)

*Mr. Melton Boyd,* for appellant.

SHERICK, J. This is an uncontested action for divorce upon the ground of "any gross neglect of duty," in which the trial court refused a divorce.

The appellant here asserts that the trial court misapplied the law applicable to the uncontroverted facts which the court found to be true. The weight of the evidence is not involved. Such facts as are necessary for an understanding of the question made will be disclosed during the course of this opinion.

Without doubt courts of domestic relations have a broad discretion in actions for divorce wherein "any gross neglect of duty" is an issue, and if discretion was involved in this particular case this court would dispose of it in summary fashion, because of our hesitancy to interfere therein.

It is almost unbelievable that in the course of the passage of a hundred and one years no reviewing court

in Ohio has defined our seventh ground for divorce. In view of the conflicting *nisi prius* holdings we quickly perceive the trial court's dilemma, which is exemplified by this court's lack of unanimity.

Although the Supreme Court in *Porter, Exr.,* v. *Lerch,* 129 Ohio St., 47, 193 N. E., 766, has said that the term "any gross neglect of duty" is "elusive of concrete definition," it would seem that any subtlety therein can only be found in the word gross. If it is susceptible of understanding in the sense in which it was used by the Legislature, then the phrase should yield to an understandable interpretation.

We believe the word gross as used in the divorce law (Section 11979, General Code) with the words "any gross neglect of duty" was intended to be used and understood in two well known capacities. First, it contemplated size and degree in contradistinction to something that is not unusual or is inconsequential. In this sense, the word is more nearly synonymous with the terms considerable or flagrant. In this understanding the element of time or duration may or may not be of importance, according to the facts of a particular case and a spouse's ability to perform. Second, it contemplates any marital neglect, which may with propriety be dominated as heinous, odious or atrocious conduct on the part of the party at fault. The Oklahoma courts employ three other adjectives—glaring, shameful and monstrous. In this sense the word was used as something base, sordid or despicable. Considered from this aspect, the time element is of little importance, other than that lapse of time and long endurance may amount to aggravation. We think that this view or rule of construction is aptly illustrated by this state's declared public policy as expressed in Section 13009, General Code, wherein a husband's intentional abandonment of a pregnant wife is made a felony.

One further fact leads us to the conclusion that time is not of the essence of this ground for divorce. When the Legislature created this cause (38 Ohio Laws, 37, 38), it made time, that is, three years' continuance, a prerequisite for divorce upon the ground of wilful absence. The same was true for habitual drunkenness. However, with this element directly applied by it in two instances, the Legislature failed to engraft a time limitation on ''gross neglect of duty.'' If it had intended otherwise, surely it would have so prescribed. For a court to do so, is nothing more than judicial legislation.

It is our judgment that a clear discretion is lodged in a trial court when the ground for divorce is ''any gross neglect of duty.'' When the court is convinced from the facts before it that the power of performance abides within him who is derelict in his marital duty; and that the conduct complained of is reprehensible in one or the other understandings herein defined, the complainant is entitled to a divorce, unfettered by any specific duration, like three years.

As this is an uncontested action, the facts in evidence are not in dispute. With respect thereto the trial court had two duties to perform in arriving at its judgment. First, to determine whether the testimony offered was worthy of belief, which is to say, were the witnesses credible. Second, if it so found, then was the evidence sufficient in substance and kind to establish and prove ''any gross neglect of duty'' as a matter of law.

As we view this particular case the weight of the evidence, other than the weight to be given to the witnesses' testimony, is not involved because the weighing of evidence can only arise where the evidence of one litigant is controverted by the opposing party, and the evidence of one must be weighed as against the evidence of the other to determine wherein the truth lies.

The trial court in its opinion makes certain obser-

vations, the gist of which is carried into the court's decree. We quote certain pertinent excerpts:

"If utter neglect for less than three years is a ground for divorce, the plaintiff should be divorced."

"The court feels that the plaintiff is entitled to a divorce if there be a way to grant such a divorce, but under the laws of Ohio, the court is not able to find any legal excuse for a divorce short of the three-year period."

"As I understand the law of this state, neglect of duty for less than three years will not be a cause for divorce, unless it is gross neglect, and in order to be gross neglect of duty, there must be aggravating circumstances."

It was found that the plaintiff had been utterly neglected from the date of marriage, that is, from August 11, 1938, to March 9, 1940, a period of nineteen months. The decree was entered on December 9, 1940, which represents an additional nine months during the pendency of the action. In all twenty-eight months of neglect had ensued. The court further found as a fact that there were no aggravating circumstances and that neglect had not existed for three years.

Neglect of duty is not a ground for divorce in Ohio. One may neglect his wife in part, or neglect may be intermittent and sporadic, but total in character during these intervals of time. "Any gross neglect of duty," is however, a ground for divorce. Accepting in full the truth of the proven facts as found by the trial court, we are of opinion, in view of what has been hereinbefore said in respect to the word "gross" and the element of time, that the only question the trial court had left to determine was whether or not nineteen to twenty-eight months of utter neglect by an indifferent able-bodied play boy amounted to "any gross neglect" as a matter of law. This court has this same question before it.

As we conceive it, simple neglect for a short period without aggravation would not be unusual and perhaps be inconsequential, but when neglect extends into many months and into years, it becomes considerable and flagrant, and is atrocious, shameful and despicable conduct which becomes gross neglect.

One may be an habitual drunkard or wilfully absent himself for three years but during such time be supporting his wife and family, but if one utterly fails from the date of marriage to support his wife, to keep his contract from its very inception, and relies upon support by his wife, then to us such conduct is outrageous. The language of the trial court convinces us that this was its conclusion, but it thought that it could not grant a divorce because defendant's conduct could not amount to gross neglect until such conduct had continued for three years.

We recognize that the questions presented are perplexing and have never been passed upon by a reviewing court in this state, and that the trial court was disposed to and did follow other trial courts in like cases. If such was ever the law, then it is time that judicial legislation be frowned upon and the rule be otherwise.

We therefore follow the precept of *Widican* v. *Widican,* 23 Ohio App., 271, 155 N. E., 145, inasmuch as there is no conflict in the evidence and the record presents but a question of law. Accordingly we enter judgment which the trial court ought to have entered, and plaintiff is granted a divorce for gross neglect of duty of the defendant, and restoration of her maiden name.

*Judgment accordingly.*

LEMERT, J., concurs.

MONTGOMERY, J., dissenting. I cannot concur. The defendant was guilty of neglect of duty, long continued.

In his conduct, however, I see nothing gross or aggravated.

There is a discretion lodged in the trial court in all divorce cases. That discretion is all too seldom exercised in refusing the divorce sought. I should be very hesitant to interfere in any case with a discretion so exercised.