**DELANEY, Plaintiff-Appellant, v. DELANEY et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23695.   Decided April 18, 1956.

Stephen J. Knerly, for plaintiff-appellant.
Michael J. Delsander, for defendants-appellees.

**OPINION**

By SKEEL, J:

This appeal comes to this Court on questions of law from a judgment entered for the defendant on plaintiff's petition seeking alimony, that is separate maintenance and support.

It is alleged in the petition, which was filed December 21, 1954, that the defendant, Joseph H. Delaney, was guilty of gross neglect of duty in that he abandoned her without just cause on December 4, 1954; that he then owned and was in possession of about $23,000 in money and other personal property; that unless enjoined, he would dispose of such property in an effort to defeat plaintiff's right to support; that said money and property is in the possession of one, Helen Tomlin, also a defendant herein, against whom a like injunction was prayed for.  Personal service was had upon the defendants and a temporary order enjoining both defendants from disposing of the property of the defendant, Joseph H. Delaney, then in their possession.

Before an order of support was entered against the defendant, Joseph H. Delaney, he died.  (February 21, 1955.)   Thereafter, on March 25, 1955, the defendant, Helen Tomlin filed a motion to dismiss the re-

straining order because of the death of her father, the defendant, Joseph H. Delaney, which occurred on February 21, 1955. A motion to show cause why the defendant, Helen Tomlin, should not be punished for contempt of court in reference to a claimed violation of the temporary restraining order was filed on September 21, 1955.

On October 7, 1955, the court, in giving consideration to these pending motions, made the following entry dismissing the plaintiff's petition and entering judgment for the remaining defendant, noting that the action was abated because of the death of the principal defendant, Joseph H. Delaney:

"October 7, 1955: This cause came before the Court in Courtroom 9, upon the petition, the motion of defendant Helen Tomlin to dismiss the restraining order heretofore issued herein; the motion of plaintiff for an order in contempt against defendant Helen Tomlin and the statements of counsel for all parties hereto. It was conceded that no adjudication of any issues had been had herein prior to the death of defendant Joseph H. Delaney and that he died on February 21, 1955. Upon consideration of such facts the Court finds that this action abated upon such death and that this Court therefore, is without authority to proceed to the adjudication of any issue raised or to grant to the plaintiff any relief in this cause.

"It is therefore ordered, adjudged and decreed: That the motion of defendant Helen Tomlin to dismiss the restraining order heretofore issued herein is granted and said restraining order is hereby dissolved and the motion of plaintiff for an order in contempt against defendant Helen Tomlin is overruled without prejudice to the rights of either party and that the petition in this cause be and the same is hereby dismissed at the costs of the plaintiff for the reason that this action is abated by the death of the principal defendant, Joseph H. Delaney. To all of which plaintiff duly excepts. No record. (Memorandum filed.)"

While the subject of this action is not one of those enumerated in §2311.25 R. C. as being abated by death, yet the character of the action is such that a judgment entered for the plaintiff, if the allegations of the petition are sustained, must be in personam or against the person of the defendant ordering him to make good his obligation of support based on the duty of a husband to support his wife. Sec. 3103.03 R. C. Where such relationship is terminated by death, the duty is at an end. The result must be the same as in a divorce case where the event of death of one of the parties dissolves the relationship between them with far greater finality than a judgment of a court.

This is not to say that the plaintiff is without a remedy if indeed her right of support was violated during the life of the defendant, Joseph H. Delaney. An action for money only may be brought against his estate for the cost of all necessaries which he failed to furnish during his lifetime, if such be the fact. Likewise, the right to prevent the decedent from impoverishing himself by gifts of his property to others inter vivos so that he, during his lifetime, and his estate upon death, would be unable to meet his obligations of support and a widow's right to a year's support as provided by Probate Law could be petitioned for in a proper case.

These questions have been the subject of much litigation. In the case of **Mark v. Mark, 145 Oh St 301,** the court, in a divorce case, in considering whether or not a husband who attempted by gift to divest himself of all his property was guilty of gross neglect of duty, said:

"4. Where there is no invasion of a wife's present, existing right to support, the fact that her husband made large inter vivos gifts to his children by a former marriage will not warrant the granting of a divorce on the ground that in so doing the husband has been guilty of either gross neglect of duty or extreme cruelty."

"5. Failure to support, to constitute gross neglect of duty, must exist prior to or at the time the decree for divorce and/or alimony is rendered and may not be predicated upon a possible or probable failure of future support, nor does such possible or probable failure of future support constitute extreme cruelty within the purview of the statutes relating to divorce and alimony."

"6. A husband may dispose of his personal property during his lifetime without the consent of his wife."

"7. The provisions of §7995 and §7997 GC, do not require a husband to provide other than present support for his wife."

"8. The finding by a trial court that the transfer of his personal property by a husband to his children by a former marriage 'undetermined' the wife's 'economic security' is not sufficient to constitute either any gross neglect of duty or extreme cruelty under §11979 GC, or any gross neglect of duty under §11997 GC, where the trial court found no invasion of the wife's right to present support and that the husband was still possessed of unincumbered, improved real estate."

"9. Under §7995 GC, husband and wife contract toward each other obligations of mutual respect, fidelity and support. Under §7996 GC, the husband is the head of the family and may choose any reasonable place or mode of living and the wife must conform thereto. Under §7997 GC, it is the husband's duty to support himself and his wife so long as he is able so to do. Under §7998 GC, neither husband nor wife has any interest in the property of the other except the present right of support as provided in §7997 GC, and rights given by statute to a surviving spouse in the remaining property of the deceased spouse.

"Quaere: Whether, under an appropriate action, a wife may prevent her invalid husband from disposing of so much of his property as to render him unable to discharge the duty incumbent upon him under §7997 GC, or whether she may cause to be set aside or modified a transfer without consideration which would have the same effect. Such was not an issue in this case and therefore not decided."

In the case of **Routson v. Hovis, 60 Oh Ap 536,** the court said:

"1. Although a husband may, by conveyance and trust agreement made during his lifetime, defeat his widow's interest as statutory heir and distributee, yet such conveyance and trust agreement will be constructively fraudulent to the extent of the wife's statutory right to an allowance for a year's support from the estate of the husband, and a lien for the amount of such allowance will be impressed on the real estate conveyed in the proportion that the value of such real estate bears

548

to the total value of such real estate plus the value of the real estate of which the husband died seized."

"2. A trust agreement, executed during the settlor's lifetime and containing provisions similar to those ordinarily contained in wills creating testamentary trusts, but under which agreement title vests during the lifetime of the settlor, is a trust inter vivos and not a testamentary trust."

And in the case of **Rose v. Rose, 34 Oh Ap 89,** in dealing with these questions, the court said:

"1. Where a husband and wife occupy extra-marital relations toward each other, gifts of personal property by the husband may be a fraud upon the wife's right to separate maintenance or to alimony."

"2. Where the delivery of personal property, which is the subject of a claimed gift, is accompanied by a writing which upon its face purports to establish a valid gift, it is competent to receive evidence to determine the true intention of the alleged donor; and, if the transaction was colorable and the real intention of the alleged donor was to fraudulently deprive his wife of her right to separate maintenance or alimony, such transaction does not constitute a valid gift."

See also **Neville v. Sawicki, 146 Oh St 539.**

These cases point the way to litigating any claimed rights the plaintiff may have against her deceased husband but the continuation of an action for separate maintenance and support instituted during his lifetime cannot be maintained after his death which occurred before a judgment or order had been entered adjudging the rights of the parties.

For the foregoing reasons, the judgment of the trial court is affirmed. Exceptions. Order see journal.

KOVACHY, PJ, HURD, J, concur.