OPINION
{¶ 1} Defendant-appellant Anna L. Simpson appeals the January 11, 2002, Judgment Entry of the Ashland County Court of Common Pleas, Domestic Relations Division, which granted a divorce on the grounds of gross neglect of duty. Plaintiff-appellee is Brad E. Simpson.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Defendant-appellant Anna L. Simpson [hereinafter appellant] and plaintiff-appellee Brad E. Simpson [hereinafter appellee], were married on April 10, 1976. Three children were born of the marriage. Two of the children are over the age of 18 and the third child passed away. On November 20, 2000, appellee filed a Complaint for Divorce, which was amended on April 13, 2001. Appellee sought a divorce on the grounds of extreme cruelty, gross neglect of duty and incompatibility.
 {¶ 3} A hearing was held before a Magistrate on May 23, 2001. In a Magistrate's Decision filed October 15, 2001, the Magistrate recommended that the divorce be granted upon a finding that appellant was guilty of gross neglect of duty as alleged in appellee's Complaint.
 {¶ 4} On October 29, 2001, appellant filed Objections to the Magistrate's Decision. By Decision filed January 11, 2002, the trial court overruled appellant's Objections and approved and adopted the Magistrate's Decision as the Order of the court.
 {¶ 5} It is from the January 11, 2002, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING THAT THE DEFENDANT-APPELLANT WAS GUILTY OF GROSS NEGLECT OF DUTY."
 {¶ 7} In appellant's sole assignment of error, appellant contends that the evidence does not support the trial court's finding of gross neglect of duty. Appellant asserts that the issue is whether the lack of sexual relations in a marriage constitutes gross neglect of duty. Appellant answers this question in the negative and maintains that appellant omitted no legal duty, so as to justify a finding of gross neglect of duty.
 {¶ 8} It is well established that gross neglect of duty refers to an omission of a legal duty. Mark v. Mark (1945),145 Ohio St. 301,61 N.E.2d 595, para. 3 of syllabus. Under Ohio law, a husband and wife owe each other obligations of mutual respect, fidelity, and support. R.C. 3103.01. However, courts have struggled with determining what constitutes gross neglect of duty. The term gross neglect of duty is "elusive of any concrete definition which can be applied to all cases. Its application must depend upon the circumstances of the particular case. Porter v. Lerch (1934), 129 Ohio St. 47, 63, 193 N.E. 766, para. 9 of syllabus. "Gross neglect of duty has never been quantitatively defined by the courts of this state. Rather, the courts have seen it as a variable term or condition which depends upon a case by case analysis and the particular facts of the case." Vanatta v. Aten (March 20, 1995), Licking App. No. 94 CA 00064, 1995 WL 347903(citing Glimcher v. Glimcher
(1971), 29 Ohio App.2d 55, 278 N.E.2d 37).
 {¶ 9} This court provided the following, previous guidance as to what constitutes gross neglect of duty: "We believe the word gross as used in the divorce law . . . with the words `any gross neglect of duty' was intended to be used and understood in two well known capacities. First, it contemplated size and degree in contradistinction to something that is not unusual or is inconsequential. In this sense, the word is more nearly synonymous with the terms considerable or flagrant. . . . Second, it contemplates any marital neglect, which may with propriety be denominated as heinous, odious or atrocious conduct on the part of the party at fault. The Oklahoma courts employ three other adjectives — glaring, shameful and monstrous. In this sense the word was used as something base, sordid or despicable. . . . When the court is convinced from the facts before it that the power of performance abides within him who is derelict in his marital duty; and that the conduct complained of is reprehensible [sic] in one or the other understandings herein defined, the complainant is entitled to a divorce . . ." Coleman v.Coleman (Guernsey 1941), 68 Ohio App. 410, 411-412, 41 N.E.2d 734.
 {¶ 10} Gross neglect of duty is a legal term of art open to a very subjective interpretation. What one trial court might view as gross neglect of duty another might reject. Vanatta v. Aten (March 20, 1995.), Licking App. No. 94 CA 00064, 1995 WL 347903. This sentiment was echoed in Buess v. Buess (1950), 89 Ohio App. 37, 41, 100 N.E.2d 646, when the court held that what one person might consider sufficient to constitute gross neglect of duty another would not. "One might conclude, as Justice Potter Stewart did when discussing obscenity, that "I know it when I see it." Vanatta v. Aten, supra (citing Jacobellis v. Ohio (1964),378 U.S. 184, 197, 84 S.Ct. 1676, 12 L.Ed.2d 793).
 {¶ 11} Since the statutes do not define gross neglect of duty, its interpretation is within the broad discretion of the trial court. Huntv. Hunt (1989), 63 Ohio App.3d 178, 578 N.E.2d 498. That test is whether the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 12} In this case, appellant contends that the trial court erred when it found appellant guilty of gross neglect of duty because the lack of sexual relations in a marriage does not constitute gross neglect of duty. Appellant asserts that absence by a spouse for three years without aggravating circumstances is not gross neglect of duty, citing Porter v.Lerch (1934), 129 Ohio St. 47, 193 N.E. 766. Appellant argues that a lack of sexual relations is assumed to be lacking within an absence. Therefore, appellant concludes that if an absence is not gross neglect of duty, then a lack of sexual relations cannot be enough to constitute gross neglect of duty.
 {¶ 13} However, the trial court did not base its decision solely upon a lack of sexual relations. The trial court also found that the parties do not effectively communicate about their relationship or significant family events, including the death of their handicapped son, and share no common interests. Further, the trial court found that appellee works approximately 80 hours per week. A review of the transcript of the proceedings before the Magistrate shows that appellee testified that he worked to avoid having to go home. Transcript of Proceedings, May 23, 2001, pg. 6. Appellee testified that the month before the hearing, he had averaged about 92 hours per week. Transcript of Proceedings, May 23, 2001, pg. 7. The question before this court is whether the trial court abused its discretion when it found that the facts of this case constituted gross neglect of duty.
 {¶ 14} First, while an absence for three years alone may not constitute gross neglect of duty, absence attended by aggravating circumstances can constitute gross neglect of duty.[1] Porter v. Lerch
(1934), 129 Ohio St. 47, 193 N.E. 766, para. 9 of syllabus. "Where a particular cause presents evidence of aggravating circumstances, the adequacy of such aggravating circumstances to constitute gross neglect of duty is the question to be decided." Id. at 64. In Porter v. Lerch, the husband suffered from epilepsy. The wife left the husband and thereafter failed and refused to live with the husband. The Ohio Supreme Court noted that a willful absence of less than three years, unattended by any aggravating circumstances, could not constitute gross neglect of duty. However, the court held that desertion accompanied by aggravating circumstances may constitute gross neglect of duty. The court found that the husband's illness, requiring that he be watched and assisted, when necessary, constituted aggravating circumstances, warranting the grant of a divorce for gross neglect of duty.
 {¶ 15} While in this case there is no such physical illness, the parties have had to endure the death of their handicapped child. Communication and mutual support are necessary at such times. However, the trial court specifically found that the parties do not communicate about their relationship or significant family events, including the death of their child. Further, the trial court found that the parties have no common interests and spend little time together. Under the limited facts of this case, this lack of communication and mutual respect constitutes aggravating circumstances, similar to those found in Porterv. Lerch, albeit less quantifiable.
 {¶ 16} Second, independently of the whether aggravating circumstances exist, this case is factually similar to the case ofPelanda v. Pelanda, Delaware App. No. 01CAF08040, 2002-Ohio-1123, 2002 WL 398667. In Pelanda, both parties claimed that the other committed gross neglect of duty. Appellee in that case stipulated to having committed gross neglect of duty. The trial court found that appellant had also committed gross neglect of duty. The appellant appealed, claiming that the trial court erred when it found appellant committed gross neglect of duty. This court affirmed the trial court's finding, citing the following relevant facts: "Appellee . . . testified to a deteriorating marriage for the past five years. The parties have not engaged in any substantive communication at work or at home for the past two years. Appellee testified appellant had no interest in engaging in sexual relations with her. The parties had no professional, marital or social life together." (Citations omitted) In that case, this court affirmed the trial court's finding that appellant committed gross neglect of duty.
 {¶ 17} The facts in this case are quite similar. In this case, evidence showed that it was as if the parties were not married: "[I]f we weren't married, we'd probably talk the same as we do now as far as that goes. There just isn't anything there. . . . There isn't any love. There isn't any relationship at all." Transcript of Proceedings, at pg. 34. The trial court specifically found that 1) the parties had occupied separate bedrooms for at least four to five years; 2) had not had sexual relations within approximately four to five years; 3) the parties did not communicate and had no common interests. We find, as we did in Pelanda, that such facts constitute gross neglect of duty.
 {¶ 18} In conclusion, the trial court's finding of gross neglect of duty, under these circumstances, was not an abuse of discretion. We find that there is sufficient evidence to support the trial court's decision to grant appellee's request for divorce on the finding of gross neglect of duty.
 {¶ 19} Appellant's sole assignment of error is overruled.
 {¶ 20} The judgment of the Ashland County Court of Common Pleas, Domestic Relations Division, is affirmed.
By Edwards, J., Hoffman, P.J. Dissents, Wise, J. concurs.
Topic: Divorce — Gross Neglect of Duty
[1] Under law applicable at the time of Porter v. Lerch, supra, one of the other grounds for divorce was a willful absence for more than three years. Gen. Code. 11979. The law has changed since that time. Under current law, a willful absence for one year constitutes grounds for a divorce. R.C. 3105.01(B).