DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Williams County Court of Common Pleas, in which the trial court granted summary judgment to appellee, Carol McMillan; denied summary judgment to appellant, Sharon Michelson; and dismissed appellant's complaint, which sought the return of life insurance proceeds paid to appellee upon the death of appellant's husband, Gary Michelson. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} The relevant, undisputed facts are as follows. Appellant married Gary Michelson on January 22, 1972. In 2001, Gary Michelson filed an action for legal separation ("case No. 01 CV 163"). On September 1, 2001, following a hearing, the trial court issued a judgment entry in which, pursuant to the parties' agreement, Gary Michelson was ordered to pay spousal support, and one-half of appellant's out-of-pocket medical expenses. In addition, the trial court restrained both parties from "removing, destroying, or otherwise disposing of any property of the parties during the pendency of this action." The "property" included a $50,000 life insurance policy through Gary Michelson's employer, the Ohio Turnpike Commission ("Medical Life policy"), and a $25,000 life insurance policy through Metropolitan Life Insurance Company ("MetLife policy").
 {¶ 3} Sometime after the parties separated, Gary Michelson began cohabitating with appellee. On January 15, 2001, he designated McMillan as primary beneficiary, and his adult daughter, Carrie Michelson, as contingent beneficiary on the Medical Life policy. On January 19, 2001, Gary Michelson changed the primary and contingent beneficiaries of the MetLife policy to McMillan and Carrie Michelson, respectively.
 {¶ 4} On November 4, 2002, appellant and Gary Michelson were notified by the trial court that case No. 01 CV 163 was about to be dismissed for lack of prosecution; however, no further action was taken by either party. On February 25, 2003, the legal separation action was dismissed, without prejudice.
 {¶ 5} Appellant later filed a complaint for divorce. However, on June 10, 2003, before new temporary orders were imposed, Gary Michelson died. An estate was opened, and the Williams County Court of Common Pleas, Probate Division, awarded most of Gary Michelson's assets to appellant. However, the proceeds of the two life insurance policies were paid to Carol McMillan.
 {¶ 6} On July 23, 2004, appellant filed the complaint herein,[1] in which she sought judgment in the amount of the life insurance proceeds paid to McMillan under the Medical Life and MetLife policies, plus interest. On August 2, 2005, appellant filed a motion for summary judgment and a memorandum in support. Attached to appellant's motion was her own affidavit, in which appellant stated she did not consent to the change of beneficiary on either life insurance policy, and she was "unaware that decedent changed the beneficiary until after his death."
 {¶ 7} On September 2, 2005, McMillan filed a cross-motion for summary judgment and a memorandum in support, in which McMillan asserted she is entitled to the life insurance proceeds. In support, McMillan argued the temporary order restraining Gary Michelson from disposing of marital property became ineffective when case No. 01 CV 163 was dismissed, leaving Gary Michelson free to change beneficiaries on the two life insurance policies. On September 14, 2005, appellant filed a response, in which she asserted the changes in beneficiaries were not valid because, at the time they were executed, the temporary order was still in effect.
 {¶ 8} On October 31, 2005, the trial court filed a decision, in which it found "that temporary orders in a dismissed case imposed no legal strictures on Gary Michelson to prevent him from changing the beneficiaries in his life insurance policies." Accordingly, the trial court granted McMillan's motion for summary judgment, denied appellant's motion for summary judgment, and dismissed the complaint. A timely notice of appeal was filed on November 28, 2005.
 {¶ 9} On appeal, appellant sets forth the following as her sole assignment of error:
 {¶ 10} "A trial court has the power to order the return of property transferred in violation of a temporary restraining order even though the divorce/legal separation was dismissed."
 {¶ 11} We note at the outset that an appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129; Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 12} Appellant argues on appeal that she is entitled to the proceeds of both life insurance policies, since the judicial prohibition against disposing of property was in force at time the beneficiary was changed. This argument is misplaced, for the following reasons.
 {¶ 13} It is well-settled that "[a]n attempt to change the named beneficiary under a life insurance policy cannot be held to defeat the original beneficiary's interest upon the insured's death, when, at the time of the attempted change, a temporary restraining order prevented the insured from affecting in any manner the interests in his assets, and that judicialprohibition remained in effect at the time of the insured'sdeath." Mack v. Allstate Life Ins. Co. (1987),42 Ohio App.3d 101, at the syllabus (emphasis added). However, the dismissal of a case effectively removes all claims raised therein from the court's jurisdiction and places the parties in a position as if no suit had ever been brought. Denham v. New Carlisle (1999),86 Ohio St.3d 594, 597 (C.J. Moyer, dissenting), citing DeVillePhotography, Inc. v. Bowers (1959), 169 Ohio St. 267, 272. Accordingly, in cases such as this one, where, the underlying action has been dismissed "without prejudice," a temporary order imposed therein no longer has any effect. See, e.g., Lilly v.Lilly (1985), 26 Ohio App.3d 192 (Temporary child support orders no longer in effect after the underlying domestic relations case is dismissed).
 {¶ 14} On consideration of the foregoing, we conclude the dismissal of case No. 01 CV 163 before Gary Michelson's death
effectively lifted any restrictions on the transfer of marital property imposed by the temporary restraining order. Accordingly, we agree with the trial court's finding that, at the time of Michelson's death, there were "no legal strictures" preventing the change of beneficiaries on the Medical Life and MetLife insurance policies. Appellant's sole assignment of error is not well-taken.
 {¶ 15} On consideration whereof, we find there remains no other genuine issue of fact. Accordingly, after considering the evidence presented in the light most favorable to appellant, appellee is entitled to summary judgment as a matter of law, and appellant is not entitled to summary judgment as a matter of law.
 {¶ 16} The judgment of the Williams County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Skow, J. Parish, J. concur.
[1] The original complaint named Gary Michelson's estate, both life insurance companies, and the Public Employees Retirement System of Ohio as additional defendants. Later, the Ohio Turnpike Commission was also added as a defendant. However, on September 10, 2004, the Williams County Court of Common Pleas, Probate Division, dismissed the complaint against Michelson's estate as untimely filed. All the remaining defendants except McMillan were ultimately dismissed from the lawsuit.