OPINION
Defendant-appellant, Dale H. Ramminger, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, which filed a nunc pro tunc entry granting a legal separation between appellant and his wife, plaintiff-appellee, Elaine Ramminger. For the reasons set forth below, we affirm the decision of the trial court.
Appellee filed a motion for a legal separation, which was heard by the trial court on January 25, 1999 and February 9, 1999. On April 22, 1999, the trial court filed findings of fact and a decision stating that appellee was entitled to a legal separation. The decision contained findings and conclusions on parental rights, child support, property division, spousal support, and court costs. Appellee died on May 6, 1999, and a decree of legal separation was filed on June 8, 2000, nuncpro tunc to April 22, 1999. Appellant appeals the action of the trial court, raising one assignment of error:
 THE TRIAL COURT ERRED BY FILING A NUNC PRO TUNC ENTRY TO CREATE THE RECORD WHEN NO RECORD EXISTED PREVIOUSLY.
Appellant argues that the trial court abused its discretion when it filed the separation decree nunc pro tunc because it was creating a record instead of correcting the record.
Courts possess inherent common-law power to enter nunc pro tunc
judgments or orders in proper cases. National Life Ins. Co. v. Kohn
(1937), 133 Ohio St. 111, paragraph one of syllabus. The power to enter such judgments or orders is restricted ordinarily to the subsequent recording of judicial action previously and actually taken. Id. paragraph two of syllabus.
In an action involving divorce and division of property, Ohio law does not require abatement upon the death of one of the parties. Miller v.Trapp (1984), 20 Ohio App.3d 191, 192. The law vests the trial court with the discretion to either dismiss the action or enter a judgment nunc protunc. Id. Where a party dies prior to the journalization of the decree, the trial court is vested with discretion to either dismiss the action or enter judgment nunc pro tunc relating to the time of the announcement of the decision. Concepcion v. Concepcion (1999), 131 Ohio App.3d 271, 276, citing Caprita v. Caprita (1945), 145 Ohio St. 5.
If the facts justifying the entry of a decree were adjudicated during the lifetime of the parties to a divorce action, such that a decree was rendered or could or should have been rendered thereon immediately, but for some reason was not entered as such on the judgment record, the death of one of the parties to the action subsequently to the rendition thereof, but before it is in fact entered upon the record, does not prevent the entry of a decree nunc pro tunc to take effect as of a time prior to the death of the party. Driggers v. Driggers (1996),115 Ohio App.3d 229, 232, citing Caprita.
In the case sub judice, the trial court conducted an adjudication on the issues prior to the death of appellee. Further, the trial court rendered and filed a detailed decision outlining its determination of the different issues between the parties. We see no reason to apply a different standard to a complaint for legal separation than that applicable to a complaint for divorce with regard to nunc pro tunc
orders.
The trial court was within its discretion to enter a decree of legal separation nunc pro tunc to the date of its decision on the legal separation. There is no indication that the trial court's decision was unreasonable, arbitrary, or unconscionable. State ex rel. Edwards v.Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107. The assignment of error is over-ruled.
Judgment affirmed.
 ___________ VALEN, P.J.
WALSH and POWELL, JJ., concur.