OPINION
Defendant-appellant, David John Hill, appeals from a judgment of the Franklin County Court of Common Pleas adopting the magistrate's decision in plaintiff-appellee, Carolyn Taylor Hill's action for (1) an accounting and appointment of a receiver to protect her interest in a partnership between the parties, and (2) an equitable division of non-partnership property owned by the parties. Subsequent to defendant's brief on appeal, this court was advised of defendant's death. Because defendant's interest in the partnership continues through his estate after his death, references to "defendant" include his estate where appropriate. See R.C.1775.29, 1775.36, 1775.41; Peterson v. Teodosio (1973), 34 Ohio St.2d 161,173.
In 1997, plaintiff brought an action against defendant seeking appointment of a receiver to manage the business and accounts of Salvage Truck Equipment, a partnership business of the parties, and an equitable division of property owned by the parties. In response to plaintiff's complaint, as amended, and an order plaintiff obtained restraining defendant from destroying records and selling any items from the business other than in its ordinary course, defendant filed an answer and counterclaim requesting a constructive trust be imposed on four parcels of real estate the parties owned. The matter was referred to a magistrate.
The magistrate recommended a receiver be appointed to conduct a physical inventory and accounting of the partnership and to distribute the partnership assets, and determined that three parcels of the parties' real estate located in Ohio belonged to the partnership. The magistrate refused to construct a trust on the property as defendant requested. Defendant timely filed objections to the magistrate's decision. The trial court overruled defendant's objections and adopted the magistrate's decision. Both parties appealed.
Because plaintiff had not filed objections to the magistrate's decision, this court overruled plaintiff's sole assignment of error that the magistrate erred in finding the thirty-six acres in question to be partnership property, and not hers alone by way of an alleged gift from defendant. See Hill v. Hill (Nov. 16, 2000), Franklin App. No. 00AP-385, unreported. As to defendant's assignments of error, this court: (1) sustained defendant's assertion that the trial court erred in overruling defendant's objections to the magistrate's decision without reviewing the transcript of the evidence presented at the magistrate's hearing, (2) determined defendant's argument that the trial court erred in refusing to impose a constructive trust was moot because the argument was based on the factual record contained in the transcript, and (3) concluded that although the trial court did not err in appointing a receiver to protect plaintiff's interest in the partnership, the trial court erred in ordering the receiver to wind up the business of the partnership where plaintiff did not seek a winding up or dissolution of the partnership. This court accordingly affirmed in part and reversed in part the trial court's judgment and remanded the case to the trial court for further proceedings consistent with its opinion.
On remand, following its review of the transcript of the proceedings held before the magistrate, the trial court again overruled defendant's objections to the magistrate's findings of fact and conclusions of law. Specifically, the trial court overruled defendant's assertions that: (1) the magistrate's decision regarding the financial transactions between the parties was contrary to the evidence, (2) the appointment of a receiver was contrary to law, and (3) the magistrate erred in failing to find a constructive trust. Defendant appeals the trial court's decision on remand and assigns the following two errors:
 I. THE TRIAL COURT ERRED IN APPLYING AN INCORRECT TEST OF LAW FOR MAKING THE DETERMINATION AS TO WHETHER OR NOT A CONSTRUCTIVE TRUST ON THE PARCELS OF REAL ESTATE IN QUESTION SHOULD BE IMPOSED AND THEN REFUSING BASED, ON THAT INCORRECT PROPOSITION OF LAW, TO IMPOSE THE CONSTRUCTIVE TRUST.
 II. THE TRIAL COURT ERRED IN ORDERING THAT THE PARTNERSHIP BE WOUND UP AND TERMINATED THIS RELIEF NOT HAVING BEEN SOUGHT IN THE INITIAL COMPLAINT AND THIS COURT OF APPEALS HAVING INSTRUCTED THAT SUCH RELIEF WAS NO[T] APPROPRIATE.
Defendant's second assignment of error asserts the trial court erred because it failed in its entry to follow this court's instruction that an order to wind up the partnership and distribute the assets of the partnership was inappropriate where the parties had not requested it. The assignment of error, although arguably of merit, is moot.
In its decision on remand, the trial court expressly acknowledged this court's decision that "the Magistrate erred in finding that a receiver should distribute the partnership assets as the Plaintiff did not request such relief in her complaint." (Mar. 19, 2001 Decision, 7.) The trial court appropriately concluded that "the Receiver, A.C. Strip, should not dissolve the Partnership." (Id.) However, in the entry journalizing its decision, the trial court failed to vacate that portion of the magistrate's order relating to the wind up and dissolution of the partnership and, instead, broadly approved and adopted the magistrate's decision in full, contrary to this court's decision and the trial court's own statement in its decision on remand. The error in the journal entry is nevertheless rendered moot because defendant's counsel has advised that defendant is now deceased. Accordingly, a dissolution and winding up of the partnership occurs by operation of law. See R.C. 1775.29, 1775.30(D), 1775.36; Peterson, supra. Defendant's second assignment of error is overruled.
In the first assignment of error, defendant asserts the trial court erred in applying an incorrect test of law in determining whether a constructive trust should be imposed on real estate owned by the parties, and then, based on the improper test, refusing to impose a constructive trust in defendant's favor on the real estate.
In an answer and counterclaim filed in response to plaintiff's amended complaint, defendant requested a constructive trust on behalf of defendant on four parcels of real property: (1) 2.279 acres in Union Township, Ohio, purchased in 1981, and deeded jointly to plaintiff and defendant, as husband and wife, (2) approximately thirty-six acres in Jefferson Township, Ohio, purchased in 1984, and deeded solely in plaintiff's name, (3) approximately 1.2 acres in Jefferson Township, Ohio, purchased in 1986 and deeded jointly to both parties, as husband and wife, and (4) approximately thirty acres in Bay County, Florida, deeded in the names of both parties.
In refusing to construct a trust, the magistrate found: "There was no evidence that when the property was purchased and the deeds were issued that Plaintiff was to be a trustee. Accordingly, this Magistrate will not construct a trust where there is no evidence either express or implied that a trust is established." (Nov. 24, 1999 Magistrate Decision, 10.)Defendant filed objections to the magistrate's refusal to impose a constructive trust, contending that a constructive trust should be imposed because the funds to purchase the properties came from defendant. On remand from this court, the trial court reviewed the transcripts of the proceedings held before the magistrate and, in accord with the magistrate, concluded there was no evidence presented that a constructive trust was established or intended. The trial court accordingly overruled defendant's objection to the magistrate's finding that a constructive trust did not exist.
The magistrate and the trial court applied an incorrect legal test in determining whether a constructive trust should be impressed on the subject properties, because the test both apparently utilized focused on whether the parties intended to establish such a trust. In contrast to an express trust, which arises by reason of a manifested intention to create it, a constructive trust is imposed irrespective of the intention of the parties. Peterson, supra, at 172; Gabel v. Richley (1995),101 Ohio App.3d 356, 363; Katz v. Banning (1992), 84 Ohio App.3d 543,552. Therefore, to the extent the magistrate and the trial court concluded an intent to create or establish a constructive trust must exist before one can be imposed, the court erred. However, even when the correct test is applied, a constructive trust is not warranted in this case.
A party seeking to impose a constructive trust has the burden of establishing by clear and convincing evidence the facts or conditions that give rise to a constructive trust. Concepcion v. Concepcion (1999),131 Ohio App.3d 271, 278; Eckenroth v. Stone (1959), 110 Ohio App. 1, 6. "A constructive trust arises by operation of law against one who through any form of unconscionable conduct holds legal title to property where equity and good conscience demands that he should not hold such title." Dixon v. Smith (1997), 119 Ohio App.3d 308, 319. More particularly, the trust arises "`against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy.'" Ferguson v. Owens (1984), 9 Ohio St.3d 223,225, quoting 76 American Jurisprudence 2d (1975), 446, Trusts, Section 221. The basis of a constructive trust is the unjust enrichment that would result if the person having title to the property were permitted to retain it. Ferguson, supra, at 226; Concepcion, supra; Gabel, supra; Croston v. Croston (1969), 18 Ohio App.2d 159, 162-163.
Initially, although defendant claimed a constructive trust on four parcels of property, the property primarily at issue is the thirty-six acre parcel located in Union Township on which the Salvage Truck 
Equipment business is located. Notably, defendant did not assign as error the factual findings of the magistrate, as adopted by the trial court. In particular, although defendant objected to the magistrate's findings with regard to certain financial transactions, including the source of funds utilized to purchase real estate and plaintiff's alleged conversion of business funds for her personal use, defendant has not appealed the trial court's approval and adoption of those findings.
According to either uncontroverted facts or facts determined by the magistrate, plaintiff, after she and defendant met, sold her home and put some of the proceeds of the sale into Hill Trucking, a business defendant owned. Plaintiff subsequently closed a truck wash business she owned, began working for Hill Trucking, and put ten thousand dollars worth of equipment from her truck wash business into Hill Trucking. Defendant gave the Hill Trucking business to his sons in late 1986 to early 1987.
In the mid-1980s, plaintiff and defendant began and thereafter operated Salvage Truck Equipment as a partnership. Both parties worked in the partnership business, and the parties filed partnership tax returns for the business. In December 1986, the business' account at the bank was overdrawn; defendant abandoned the business and left plaintiff to run the partnership business alone from December 1986 to March 1987. During 1986 and 1987, plaintiff made several draws from her mother's account to cover bad checks and to make purchases for the business, and plaintiff sold stock and collected money owed to the business to cover the amount overdrawn at the bank. The payroll of the business was generally paid in cash. No bank deposit slips were maintained on file in the business, and no records indicated where money for deposits originated.
Three pieces of real property were purchased during the partnership and/or for partnership ventures: (1) in 1981, 2.279 acres in Union Township, (2) in 1984, thirty-six acres in Jefferson Township, and (3) in 1986, 1.2 acres in Jefferson Township. Evidence does not show that the property in Florida, although deeded in both parties' names, was partnership property, and it does not appear to be at issue here. Defendant acknowledges the business paid monthly mortgage payments and taxes on the property.
The parties filed joint tax returns from 1979 to 1994, including partnership tax returns. Although defendant claimed the partnership business "never made a dime," the tax returns admitted into evidence revealed the partnership had income for each year reported, with Salvage Truck Equipment having gross receipts and sales in the amount of $247,677 for 1994. Defendant admitted the salvage business had an inventory of between $500,000 and $1.5 million in 1999.
Evidence was presented that funds from the partnership business were used to purchase numerous personal items for both parties, including vehicles, silver, gold, and jewelry. Defendant transacted a significant amount of business in cash, without invoices and without recordings in the books of the business, and defendant wrote personal checks and took cash from the business for his personal use. Plaintiff also withdrew money from the partnership business' account, including $11,750 withdrawn in 1994 and several checks written to her mother.
The partnership terminated without notice, liquidation, or division of the inventory. Uncontroverted evidence was presented that defendant tried to burn some of the invoices of the salvage business after an audit was ordered. John McKillop, an accountant who reviewed the partnership records, could not determine the net worth of the parties' business and could not determine the contributions by or distributions to each party because of the lack of business records and because no physical inventory had ever been done for the business.
Under the appropriate test, applied to the facts of this case, a constructive trust is not warranted in favor of defendant on plaintiff's interest in the parties' real estate. The Union Township parcel was purchased for the partnership business, and although plaintiff did not contribute her personal funds to the purchase, she paid real estate taxes on the property. A thirty-six acre parcel was purchased as a location for the partnership business; the mortgage and taxes were paid by the partnership. A small parcel of property, located in front of the thirty-six acre parcel, was purchased with funds from Hill Trucking, to which plaintiff had contributed financially, and/or with funds from the parties' partnership business. Accordingly, as a partner and individually, plaintiff contributed significantly to the purchases and would be denied that interest with a constructive trust. When those facts are combined with defendant's failure to split partnership accounts with plaintiff after the business ceased, the record reveals defendant has not presented clear and convincing evidence that plaintiff holds legal title to any of the subject property by virtue of unconscionable conduct that equity and good conscience demands she not hold. Defendant's first assignment of error is overruled.
Having overruled defendant's two assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BROWN and PAINTER, JJ., concur.
PAINTER, J., of the First Appellate District, assigned under authority of Section 6(C), Article IV, Ohio Constitution.