[Cite as *Durgin v. Durgin*, 2013-Ohio-1897.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98888**

## MARY ANNE DURGIN

PLAINTIFF-APPELLANT

vs.

## ROBERT L. DURGIN

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-337520

**BEFORE:** McCormack, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** May 9, 2013

**ATTORNEY FOR APPELLANT**

Joyce E. Barrett
800 Standard Building
1370 Ontario Street
Cleveland, OH 44113


**ATTORNEY FOR APPELLEE**

Cheryl Wiltshire
Stanard & Corsi Co. L.P.A.
1370 Ontario Street
Suite 748
Cleveland, OH 44113

TIM McCORMACK, J.:

**{¶1}** Mary Ann Durgin appealed from a judgment of the Domestic Relations Division of Cuyahoga County Court of Common Pleas that dismissed her divorce action after her husband died during the pendency of the proceedings. Upon review of the applicable law and for the reasons set forth below, we affirm.

## Procedural History

**{¶2}** Robert Durgin and Mary Ann Durgin were married on May 30, 2008. Both were in their 70's at the time. Prior to the marriage, they had entered into an antenuptial agreement.

**{¶3}** Three years later, on July 11, 2011, Robert Durgin filed an action for an annulment of the marriage. Four days later, on July 15, 2011, Mary Ann Durgin filed a complaint for divorce. The trial court consolidated the two cases.

**{¶4}** On the same day Mary Ann Durgin filed the divorce complaint, she filed a motion for temporary support pendente lite, pursuant to Civ.R. 75(N), which addresses orders of spousal support during the pendency of divorce actions.

**{¶5}** On January 10, 2012, a magistrate issued an order of temporary support. However, the order lacked clarity regarding the amount of support to be paid by Robert Durgin, stating two different amounts of support in the same opinion. It first stated Robert Durgin shall pay spousal support to Mary Ann Durgin in the amount of $2,083.34

per month, plus 2% processing charge; four paragraphs later, it stated "the support obligor shall pay $1093.34 per month, plus 2% processing charge."

{¶6} Robert Durgin immediately filed a request for oral hearing to contest the amount of support, as permitted by Civ.R. 75(N). By agreement of the parties, the hearing was passed to final hearing on the divorce complaint.

{¶7} Thereafter, on March 2, 2012, Robert Durgin provided a copy of the parties' antenuptial agreement to the domestic relations court. He filed a motion to enforce the antenuptial agreement, which agreement provides that each spouse waives spousal support in the event of divorce.

{¶8} Mary Ann Durgin then filed a motion to join Traffic Control Products, Inc., Robert Durgin's employer, and an entity identified as his income source, as a third party in the divorce action. She also filed motions to show cause against both Robert Durgin and Traffic Control Products, alleging a failure of spousal support payment.

{¶9} However, before any of these motions were heard by the trial court, and before the divorce trial, scheduled to begin on June 15, 2012, was held, Robert Durgin died on May 22, 2012.

{¶10} The domestic relations court, citing the death of Robert Durgin, dismissed the divorce case, including all pending motions.[1]

---

[1] Apparently after Robert Durgin's death, Mary Ann Durgin filed a separate case regarding the administration of his estate in the Lake County Probate Court. The court appointed Robert Durgin's son as the executor of his estate.

{¶11} Mary Ann Durgin now appeals from the domestic relations court's dismissal of the divorce action. The two assignments of error state:

I. The trial court erred and abused its discretion in dismissing the divorce action and all pending motions when there was an outstanding arrearage in temporary support which had accrued prior to the death of the appellee.

II. The trial court erred and abused its discretion dismissing the pending motions to show cause for non-payment of spousal support when the income source had been joined as a party defendant and was statutorily liable for failing to honor the income source order.

Because these assignments of error are related, we address them together.

## Analysis

{¶12} R.C. 2311.21 ("Abatement by death of party") provides:

Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party.

{¶13} As the court in *Concepcion v. Concepcion*, 131 Ohio App.3d 271, 722 N.E.2d 176 (3d Dist.1999), explained, although divorce actions are not referenced in R.C. 2311.21 as actions requiring abatement upon the death of one or both of the parties, in Ohio, "the death of a party prior to adjudication of the issues in a pending divorce case causes the action to abate and ends any jurisdiction that a judge has over the case except to dismiss it." *Concepcion* at 275-276, citing *Coffman v. Finney*, 65 Ohio St. 61, 61 N.E. 155 (1901). As the Supreme Court of Ohio observed, where one or both parties to a divorce action died before a final decree of divorce, the action abated, because

"[c]ircumstances have accomplished the primary object sought." *Porter v. Lerch* 129 Ohio St. 47, 56, 193 N.E. 766 (1934).

{¶14} The law is well-settled in Ohio. In *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 99, 671 N.E.2d 236 (1996), the Supreme Court of Ohio granted a wife a writ of prohibition to prevent the domestic relations judge from continuing further proceedings in the divorce case after her husband's death. The court held that the husband's death ended any jurisdiction that trial judge had over the divorce case except to dismiss it.

{¶15} Mary Ann Durgin claims the temporary support order is not abated by the death of her husband and the trial court should determine the support arrearage and enforce the temporary support order.

{¶16} In resolving her claim, we are guided by the principle set forth in *Coffman*, 65 Ohio St. 61, 61 N.E. 155, more than 100 years ago. In *Coffman*, the domestic relations court awarded alimony, *pursuant to a divorce decree*, to the wife. Without making any payment and while the appeal was pending, the husband killed his wife and then himself. The issue presented to the court was whether the action to enforce the alimony award survived the death of the wife.

{¶17} To resolve the issue, the court distinguished between a pending action to *award* alimony versus a pending action to *enforce* an alimony award. The Supreme Court explained that while an action termed "personal," such as for divorce or for determination and order of an alimony award, abated upon the death of one party to the action, an action

that sought to enforce *fixed rights and liabilities*, such as an action to enforce alimony already awarded, survives the death of that party.

**{¶18}** As this court explained in *Diemer v. Diemer*, 99 Ohio App.3d 54, 649 N.E.2d 1285 (8th Dist.1994), *Coffman* established the test in determining whether an action abated upon the death of a party: the determining factor was whether the action sought to *enforce fixed rights and liabilities*.   *Diemer* at 60.

**{¶19}** In *Diemer*, the husband and wife had an antenuptial agreement.   The wife filed a complaint for divorce but died during the pendency of the proceedings.   The executor of her estate sought to enforce the antenuptial agreement.

**{¶20}** Applying the "fixed rights and obligations" principle set forth in *Coffman*, 65 Ohio St. 61, 61 N.E. 155, this court in *Diemer* explained that in *Coffman*, because the *divorce decree* itself served to create the fixed rights and liabilities, the action to enforce the alimony award survived the decedent's death.   In *Diemer*, although there was no divorce decree, the wife's fixed rights and liabilities were fixed in the antenuptial agreement; therefore, the executor's action survived the wife's demise in accordance with *Coffman*.   We held, however, that the domestic relations court lacked subject matter jurisdiction to enforce the antenuptial agreement because no determination of any kind had been adjudicated prior to the wife's death.   The interpretation and determination of the antenuptial agreement was a matter for the probate court.

**{¶21}** For another example of an application of the *Coffman* principle, if a party in a divorce action died *following a decree* that determined property rights   but prior to the

journalization of the decree, the action did not abate upon the party's death. *Porter,* 129 Ohio St. at 56, 193 N.E. 766. In such circumstances, the trial court would be vested with discretion to either dismiss the action or to enter judgment nunc pro tunc relating to the time of announcement of the decision.

{¶22} In this case, Civ.R. 75(N) ("Allowance of spousal support, child support, and custody pendente lite") permits the temporary award of spousal support during the pendency of the divorce proceedings, and it allows the parties to request an oral hearing to modify the temporary order.

{¶23} Robert Durgin died before the issuance of the divorce decree. He died before the parties' rights and obligations were fixed. The support order issued under Civ.R. 75(N), by the terms of the rule itself, is temporary in nature. The rule states that an order issued is subject to modification when a party requests an oral hearing. Robert Durgin sought an oral hearing immediately after the temporary support order was issued. At a hearing held after Robert Durgin's death, the trial court stated the support order was not fixed, as it was issued pursuant to Civ.R. 75(N).

{¶24} Thus, no rights and obligations of the parties regarding spousal support had been fixed before Robert Durgin's death. Accordingly, upon his death, the domestic relations court could no longer exercise jurisdiction over the divorce action, including the pending motion to show cause against Traffic Control Product.

{¶25} Mary Ann Durgin alleges that Traffic Control was the income source for the payment of his spousal support. She contends that because she had moved the court

to join the entity as a party defendant, that entity should have withheld the support obligation pursuant to R.C. 3121.373 ("Withholding contempt order against payor employer" and should have been held liable for failing to do so under R.C. 3121.38 ("Liability of payor or financial institution"). She claims, therefore, her motion to show cause against Traffic Control should not have been dismissed.

{¶26} Had Robert Durgin survived, the trial court would have the jurisdiction to entertain Mary Ann Durgin's claim against Traffic Control pursuant to the statutes. Robert Durgin's death divested the domestic relations court of any further jurisdiction in the divorce proceedings, including any claim arising out of the divorce action. The trial court properly dismissed the divorce action and all pending motions. The first and second assignments of error lack merit.

{¶27} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic relations court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR