[Cite as *Kingston of Miamisburg, L.L.C. v. Jeffery*, 2019-Ohio-1905.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| KINGSTON OF MIAMISBURG LLC | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28087 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-4781 |
| | : | |
| AMY JEFFERY, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of May, 2019.

. . . . . . . . . . .

DAVID S. BROWN, Atty. Reg. No. 0082233 and W. CORY PHILLIPS, Atty. Reg. No. 0082489, 30100 Chagrin Boulevard, Suite 350, Cleveland, Ohio 44124
 Attorneys for Plaintiff-Appellant, Kingston of Miamisburg LLC

DAVID D. BRANNON, Atty. Reg. No. 0079755, 130 West Second Street, Suite 900, Dayton, Ohio 45402
 Attorney for Defendant-Appellee, Fredric Smith

. . . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Plaintiff-appellant Kingston of Miamisburg, LLC (hereinafter "Kingston") appeals from a summary judgment rendered against it on claims for fraudulent transfer and unjust enrichment/constructive trust. For the reasons that follow, we reverse the decision of the trial court and remand for further proceedings.

## I.      Facts and Procedural History

**{¶ 2}** Kingston operates a licensed long-term care facility in Miamisburg, Ohio. On August 10, 2017, Marian Smith, who was 95 at the time, was admitted to the Kingston facility following her discharge from a local hospital. On August 14, 2017, Amy Jeffery and Kingston executed an Admission Agreement for Marian's admission into Kingston's facility.[1]   Jeffery also executed a Kingston Payer Benefit Determination Worksheet which indicated that Marian had approximately $40,000 in financial assets at the time of her admission. On August 17, 2017, Jeffery applied to become Marian's guardian so that she could access Marian's assets in order to pay Kingston. However, Marian died before the guardianship action was heard. At the time of Marian's death, the unpaid cost of her care at Kingston was $15,598.46.

**{¶ 3}** Of relevance hereto, the record shows that in October 2013, Marian owned an investment account at Fifth Third Securities, Inc. In 2013, she executed a transfer-on-death beneficiary form naming her son, Fredric Smith, as the sole beneficiary of the account. At the time of her death, the account, valued at approximately $39,000, transferred to Fredric.

---

[1] Jeffery, who is Marian's granddaughter, contends that she was Marian's "Durable Health Care Attorney In Fact." Jeffery Affidavit, Dkt. No. 41. Although a defendant in the action below, Jeffery is not a party to this appeal.

{¶ 4} On October 13, 2017, Kingston filed an action in the General Division of the Montgomery County Court of Common Pleas against Fredric Smith, Jeffery, Fifth Third Securities, Inc., and several other members of Marian's family.[2]  In Count IV, Kingston asserted a claim for unjust enrichment against Fredric.   In Count VI, Kingston alleged claims that the Fifth Third account had been fraudulently transferred to Fredric in contravention of R.C. 1336.04 and 1336.05.   In Count VIII, Kingston also asserted a claim for unjust enrichment/constructive trust against Fredric.

{¶ 5} On February 26, 2018, Fredric filed a motion for summary judgment in which he argued that Kingston could not establish the elements of unjust enrichment.   He also argued that Kingston could not establish the elements of fraudulent transfer set forth in R.C. 1336.04.   Finally, he argued that Kingston was not entitled to a constructive trust.

{¶ 6} On April 13, 2018, Kingston filed a motion for summary judgment against Fredric, arguing that it was entitled to judgment on its claim for fraudulent transfer as set forth in R.C. 1336.05.

{¶ 7} On April 20, 2018, the trial court issued a order granting, in part, Fredric's motion for summary judgment.   The trial court found that Kingston had not presented evidence to support a finding of fraudulent transfer under R.C. 1336.04.[3]   The court also found that Kingston had failed to prove the elements of unjust enrichment.   Thus, the court granted Fredric's motion for summary judgment as to those claims.   The court further stated that it was not aware of any case law on point regarding the constructive

---

[2] Fredric is the only party involved in this appeal.

[3] However, the trial court also noted that Kingston's motion for summary judgment regarding its R.C. 1336.05 fraudulent transfer claim was pending.

trust issue and that it was not willing to rule in favor of, or against, Kingston on the issue. Thus, the court stated that "at this point the Court finds that the Defendant is not entitled to summary judgment on the claim for an equitable constructive trust."  Dkt. No. 50.

{¶ 8} On April 27, 2018, Fredric filed a supplemental motion for summary judgment in which he again argued that he was entitled to judgment on the constructive trust claim. In this motion, he cited to the federal Nursing Home Reform Act, codified at 42 U.S.C. 1396r, which he argued barred Kingston's constructive trust claim.

{¶ 9} On May 10, 2018, the trial court denied Kingston's motion for summary judgment.  In doing so, the trial court mainly discussed the R.C. 1336.04 factors. However, in the last sentence of its analysis, the court found that Kingston had not presented evidence to support a finding that Marian's estate had become insolvent by reason of the asset transfer to Fredric, as required by R.C. 1336.05.

{¶ 10} Finally, on July 31, 2018, the trial court rendered summary judgment in favor of Fredric on his supplemental motion for summary judgment regarding the constructive trust claim, finding that the federal Nursing Home Reform Act prevented Kingston from holding Fredric liable for the unpaid costs.

{¶ 11} Kingston appealed all three of the trial court's orders.  On September 18, 2018, this court entered an order noting that the May 10 decision denying Kingston's motion for summary judgment was not a final appealable order.[4]  We also noted that, regarding the remaining orders, that only the July 31, 2018 order included Civ.R. 54(B) language.  Thus, we required Kingston to show cause why the appeal of the April 20

---

[4] *See Onady v. Wright State Physicians, Inc.*, 2d Dist. Montgomery No. 27954, 2018-Ohio-3096.

order should not be dismissed for lack of a final appealable order. After the issue was briefed, this court remanded the matter to the trial court for clarification. On remand, the trial court issued an entry stating that the Civ.R. 54(B) language in the July 31 decision applied to the April 20 decision.

{¶ 12} This cause is now ready for disposition.

## II.    Summary Judgment Standard

{¶ 13} Civ.R. 56(C) provides that summary judgment is properly granted when (1) "there is no genuine issue as to any material fact"; (2) "the moving party is entitled to judgment as a matter of law"; and (3) "reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made[.]" *See also Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party; once the moving party has met his burden, it is the non-moving party's obligation to present evidence on any issue for which that party bears the burden of production at trial. *Harless* at 67; *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 111, 570 N.E.2d 1095 (1991). The moving party is entitled to summary judgment if the nonmoving party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

{¶ 14} We review a trial court's decision to grant summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). In other words, we do not give deference to the trial court's determination. *Smith v. Gold-Kaplan*,

8th Dist. Cuyahoga No. 100015, 2014-Ohio-1424, ¶ 9, citing *Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997).

### III.    Fraudulent Transfer

{¶ 15} Kingston's first assignment of error is as follows:

THE TRIAL COURT ERRED BY IMPROPERLY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE FREDRIC SMITH, WHEN THE EVIDENCE CLEARLY DEMONSTRATED THAT DECEDENT MARIAN SMITH'S INVESTMENT ACCOUNT AT FIFTH THIRD SECURITIES TRANSFERRED TO APPELLEE IN EXCHANGE FOR ZERO CONSIDERATION AT A TIME WHEN DECEDENT MARIAN SMITH OWED APPELLANT A PRINCIPAL BALANCE OF $15,598.46, AND THE TRANSFER LEFT HER INSOLVENT.

{¶ 16} Kingston contends that the trial court erred in rendering summary judgment in favor of Fredric concerning its R.C. 1336.05(A) claim of fraudulent transfer.

{¶ 17} Ohio's Uniform Fraudulent Transfer Act, codified in R.C. Chapter 1336, creates a right of action for a creditor to set aside a fraudulent transfer of assets to the extent necessary to satisfy the creditor's claim. *UAP-Columbus JV326132 v. Young*, 10th Dist. Franklin No. 09AP-646, 2010-Ohio-485, ¶ 25.   Under the Act, "fraud is imputed to the debtor when the statutory elements have been met." *In re Youngstown Osteopathic Hosp. Assn.*, 280 B.R. 400, 408 (Bankr.N.D.Ohio 2002), citing *Comer v. Calim*, 128 Ohio App.3d 599, 606, 716 N.E.2d 245 (1st Dist.1998).

{¶ 18} "The Ohio Uniform Fraudulent Transfer Act provides various ways in which

a creditor can prove that a debtor's transfer of property was fraudulent." *DiBlasio v. Sinclair*, 7th Dist. Mahoning No. 08-MA-23, 2012-Ohio-5848, ¶ 34. Its key operative provisions are R.C. 1336.04 and R.C. 1336.05. As to a debt that existed when the debtor made the contested asset transfer, a creditor may prove that the transfer met the R.C. 1336.05(A) elements, and, thus, was a fraudulent transfer as statutorily defined. *E. Sav. Bank v. Bucci*, 7th Dist. Mahoning No. 08 MA 28, 2008-Ohio-6363, ¶ 93. Additionally, irrespective of when the debt arose, a creditor may prove that the contested asset transfer met the R.C. 1336.04(A) elements, and, thus, was a fraudulent transfer as defined by this provision. *Id.; Youngstown Osteopathic Hosp.* at 408-409.

{¶ 19} R.C. 1336.04, which sets forth a provision for actual fraud as well as a provision for constructive fraud, states as follows:

(A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before, or within a reasonable time not to exceed four years after, the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor;

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies:

(a) The debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;

(b) The debtor intended to incur, or believed or reasonably should have

believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

* * *

{¶ 20} R.C. 1336.05(A), which is silent regarding the debtor's intent, provides that "[a] transfer made * * * by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made * * * if the debtor made the transfer * * * without receiving a reasonably equivalent value in exchange for the transfer * * * and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer."

{¶ 21} "If a transfer is fraudulent, then a creditor has the right to sue the original transferee and any subsequent transferee for the value of the transferred property." *Esteco, Inc. v. Kimpel*, 7th Dist. Columbiana No. 07 CO 3, 2007-Ohio-7201, ¶ 8.

{¶ 22} Before we address the merits of Kingston's appeal, we note that even with the certification provided by the trial court regarding the finality of its orders, it is not clear that those orders disposed of Kingston's fraudulent transfer claim under R.C. 1336.05.

{¶ 23} Nonetheless, given the state of the record, and construing the language of the April 20 decision broadly, we conclude that the trial court intended to, and did, render summary judgment as to all claims under the Ohio Uniform Fraudulent Transfer Act. However, this was error. Kingston's complaint clearly raised claims under both R.C. 1336.04 and 1336.05, but the trial court's April 20, 2018 order only resolved Kingston's claim under R.C. 1336.04. Resolution of the right to relief under one of these statutory provisions is not dispositive of the other, as the statutes involve entirely different theories of recovery. Simply put, the trial court did not consider or address the question of whether Kingston could recover under R.C. 1336.05. Thus, we conclude that the trial

court erred in rendering judgment on the fraudulent transfer claim as it pertained to R.C. 1336.05, and this issue must be remanded to the trial court to allow consideration of Kingston's assertion that the transfer of the investment account constituted a fraudulent transfer under R.C. 1336.05.[5]

**{¶ 24}** Accordingly, the first assignment of error is sustained.

## IV. Constructive Trust

**{¶ 25}** The second assignment of error asserted by Kingston states:

THE TRIAL COURT ERRED BY IMPROPERLY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE FREDRIC SMITH WITH RESPECT TO APPELLANT'S CAUSE OF ACTION FOR UNJUST ENRICHMENT/CONSTRUCTIVE TRUST BECAUSE APPELLEE ACQUIRED DECEDENT MARIAN SMITH'S INVESTMENT ACCOUNT AT FIFTH THIRD SECURITIES VIA A FRAUDULENT TRANSFER.

**{¶ 26}** Kingston contends that the trial court erred by rendering summary judgment against it on its claim for a constructive trust.

---

[5] The trial court's consideration will, of course, involve all R.C. 1336.05(A) elements. This will include whether the transfer made Marian's estate insolvent. It will also include consideration of whether Marian is Kingston's debtor as defined by R.C. 1336.01(F). Such consideration, it would seem, will begin with a determination of whether Jeffery had the legal ability to enter into the Kingston contract on Marian's behalf. If Jeffery did not possess this ability, the next inquiry is whether Marian was nonetheless a R.C. 1336.01(F) debtor. Kingston suggests that she is, upon the basis of either an implied in fact contract or unjust enrichment. An implied in fact contract requires proof of all contractual elements, which would include Marian's contractual capacity. *Stepp v. Freeman*, 119 Ohio App.3d 68, 694 N.E.2d 510 (2d Dist.1997). Proof of unjust enrichment requires proof, among other things, that the person receiving the benefit (Marian) has knowledge of the benefit. *Crawford v. Hawes*, 2013-Ohio-3173, 995 N.E.2d 966 (2d Dist.).

{¶ 27} A constructive trust is an equitable remedy. *Concepcion v. Concepcion*, 131 Ohio App.3d 271, 278, 722 N.E.2d 176 (3rd Dist.1999). A party seeking to impose a constructive trust has the burden of establishing by clear and convincing evidence the facts or conditions that give rise to a constructive trust. *Id.* "A constructive trust arises by operation of law against one who through any form of unconscionable conduct holds legal title to property where equity and good conscience demands that he should not hold such title." *Dixon v. Smith*, 119 Ohio App.3d 308, 319, 695 N.E.2d 284 (3rd Dist.1997), citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 738, 600 N.E.2d 791, 795-796 (12th Dist.1991). The basis of a constructive trust is the unjust enrichment that would result if the person having title to the property were permitted to retain it. *Ferguson v. Owens*, 9 Ohio St.3d 223, 226, 459 N.E.2d 1293 (1984). By imposing a constructive trust, a court orders "a person who owns the legal title to property to hold or use the property for the benefit of another or to convey the property to another to avoid an unjust enrichment." (Citation omitted.) *Everhard v. Morrow*, 8th Dist. Cuyahoga No. 75415, 1999 WL 1087488 (Dec. 2, 1999).

{¶ 28} In this case, the trial court relied upon 42 U.S.C. 1396r(c)(5)(A)(ii) and Ohio Adm.Code 5160-3-02(C)(4) in denying Kingston's request for a constructive trust. According to these provisions, a nursing facility cannot require a third party to pay the facility's charges out of his or her own funds. Based upon this provision, the trial court reasoned that Fredric could not be held liable for Marian's costs.

{¶ 29} The trial court's reliance on 42 U.S.C. 1396r(c)(5)(A)(ii) is misplaced because, if Kingston ultimately prevails on its R.C. 1336.05(A) fraudulent transfer claim, the funds at issue (the amount needed to satisfy Kingston's claim) would not be Fredric's

funds. Further, it appears from the language of R.C. 1336.07(A)(3)(c) that a constructive is a possible remedy for a violation of the Ohio Uniform Fraudulent Transfer Act. Thus, we must conclude that the provisions relied upon by the trial court were not a sufficient basis upon which to render summary judgment on this issue.

{¶ 30} Accordingly, the second assignment of error is sustained.

## V.     Conclusion

{¶ 31} Both of Kingston's assignments of error being sustained, the trial court's order granting summary judgment is reversed, and this action is remanded for further proceedings in accordance with this opinion.

. . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies sent to:

David S. Brown
S. Cory Phillips
David D. Brannon
Elizabeth Weinewuth
John Sharts
Hon. Timothy N. O'Connell