[Cite as *Stiner v. Crescent Bank & Trust*, 2014-Ohio-923.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99861

---

## CARLETHA STINER

PLAINTIFF-APPELLANT

vs.

## CRESCENT BANK & TRUST, ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-788948

**BEFORE:**    Blackmon, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**    March 13, 2014

**FOR APPELLANT**

Carletha Stiner, pro se
4041 Bowman Blvd., Apt. 104
Macon, Georgia   31210

Carletha Stiner, pro se
117 Autumn Breeze Way
Winter Park, Florida   32792

**ATTORNEYS FOR APPELLEES**

**For Crescent Bank & Trust**

Jack B. Cooper
Daniel E. Clevenger
Millennium Center, Suite 300
200 Market Avenue, North
P.O. Box 24213
Canton, Ohio 44701

**For Consolidated Asset Recovery System**

Franco M. Barile
Michael J. Lubes
526 Superior Avenue, East, Suite 630
Cleveland, Ohio 44114

**For Echo Recovery, L.L.C.**

P.O. Box 2473
Heath, Ohio 43056-0473

**Unknown Tow Truck Driver**

2068 Cherry Valley Road
Newark, Ohio 43055

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Carletha Stiner ("Stiner") appeals pro se the trial court's granting of summary judgment in favor of appellee Crescent Bank & Trust ("Crescent") and assigns four errors for our review.[1]

{¶2} After reviewing the record and relevant law, we affirm the trial court's decision. The apposite facts follow.

## Facts

{¶3} Stiner filed a complaint against Crescent, Consolidated Asset Recovery Systems ("CARS"), and Echo Recovery, L.L.C. ("Echo") alleging they participated in tortuous behavior surrounding the repossession of her car. Crescent was the bank that extended the loan to Stiner; CARS was responsible for repossessing the car on Crescent's behalf; and Echo was the local towing company that CARS hired to actually repossess the car.[2]

{¶4} Stiner's car was repossessed on May 29, 2012, because Crescent had not received payment for the months of April and May. Stiner sent a check to Crescent on May 25, 2012, which included payment for April and part of May. Thus, at the time she sent the check, Stiner was almost a month overdue for the month of April, and her payment was insufficient to cover the month of May.

---

[1]See appendix.

[2]The trial court also granted judgment in favor of CARS and Echo; however, appellant only sets forth arguments regarding judgment in favor of Crescent.

{¶5} The check did not clear until May 30, 2012, one day after her car was repossessed. Crescent sent Stiner a letter notifying her the amount she needed to pay to have her car returned. Stiner's car was returned on June 4, 2012.

{¶6} Stiner asserted in her complaint that the defendants violated R.C. 1127.01 by conspiring to fraudulently repossess her car. She also alleged that Echo violated R.C. 1127.03 by charging an unlawful fee of $250 for release of her car. She also claimed the tow truck driver "humiliated, embarrassed, and belittled" her.

{¶7} Crescent filed a motion to dismiss Stiner's complaint. It argued that Stiner admitted in her complaint that she was in default because she stated the check she sent to Crescent on May 25, 2012, only covered the April payment, which was late, and partial payment for the month of May. Crescent also argued that the Revised Code sections referenced by Stiner in her complaint, R.C. 1127.01 and 1127.03 did not apply to Crescent because the provisions protected banks, not private parties. The trial court converted Crescent's motion to dismiss to one for summary judgment.[3]

{¶8} On October 10, 2012, Stiner filed a motion to "clarify confused and jumbled complaint." She again alleged that Crescent violated R.C. 1127.01 and R.C. 1127.08, but this time she clarified that it did so through its employees. She also claimed

---

[3]CARS also filed a motion for summary judgment arguing the only claim against it was for hiring Echo to tow the car. It also argued that Echo was not properly served with the complaint; therefore, any claims against Echo were without merit.

that because she had sent a check, she was not in default, just late in payment. Crescent again responded that Stiner failed to set forth a claim for relief.

{¶9} In her motion for summary judgment, Stiner did not address the claims she raised in her complaint, but argued that Crescent violated R.C. 1345.02 and 1354.03 of the Ohio Consumer Sales Practices Act ("OCSPA"), two sections she did not reference in her complaint.[4] She claimed that Crescent should have known at the time it agreed to loan Stiner money that she could not repay it. She also claimed the tow truck driver publicly humiliated her in violation of R.C. 1345.03(B)(1).

{¶10} Crescent opposed Stiner's motion for summary judgment arguing that the sections of the OCSPA that Stiner referred to in her motion did not apply to Crescent because her loan exceeded $500 and Crescent is a financial institution under the act.

{¶11} The trial court granted Crescent's motion for summary judgment because the terms of the loan agreement gave Crescent the right to take possession of the vehicle if Stiner defaulted on the loan. The court also found that none of the statutes cited by Stiner applied.

## Motion for Summary Judgment

{¶12} We will address Stiner's assigned errors together because they all concern the trial court's granting of summary judgment in favor of Crescent.

---

[4] It could be argued that because Crescent responded to Stiner's new allegations, her motion resulted in an amendment to the complaint pursuant to Civ.R. 15(B).

**{¶13}** We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist.2000), citing *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987); *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

**{¶14}** Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party. We conclude the trial court did not err by granting summary judgment as a matter of law in favor of Crescent.

**{¶15}** We note at the outset that Stiner references several federal statutes and Ohio Administrative Code regulations that she contends Crescent violated that were not raised before the trial court. She also argues for the first time on appeal that Crescent's employees caused her "humiliation, embarrassment, and frustration." At the trial court level, she accused the tow truck driver of such actions. Because these arguments were not raised below, they are waived for purposes of appeal. *Whichard v. Matthews*, 8th Dist. Cuyahoga No. 98689, 2013-Ohio-1897 (an issue not raised in a trial court is waived for purposes of appeal).

**{¶16}** Stiner's allegations relating to the OCSPA do not apply in the instant case because R.C. 1345.01(A), in defining "consumer transactions," excludes transactions between persons or entities defined in R.C. 5725.01, which includes financial institutions such as banks, except in two limited circumstances. The first is transactions for loans under $500, and the second relates to transactions involving residential mortgages. Crescent is a financial institution as defined under R.C. 5725.01, the loan involved in the instant case is for more than $500, and the loan does not involve a residential mortgage. Therefore, the trial court correctly determined that Stiner could not obtain relief under the OCSPA.

**{¶17}** R.C. 1127.01 also does not apply to the instant case. R.C. 1127.01 prevents certain persons who own or manage a bank or trust company from engaging in fraudulent conduct that is harmful to the bank. Thus, this section does not afford private relief for a person. *See Collins v. Natl. City Bank*, 2d Dist. Montgomery No. 19884, 2003-Ohio-6893, ¶ 44. In order for a statute to offer a private right of relief, the statute must say so. *Id.* Therefore, the court correctly determined that R.C. 1127.01 did not apply.

**{¶18}** Stiner argues throughout the facts section of her brief, that her payment was "late" but not in default. However, a late payment under the agreement gives Crescent the right to repossess the vehicle. Section 3(c) states in pertinent part:

> **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. (Emphasis sic.)

Section 3(b) defines the term "default" to include, "You do not pay any payment on time."

**{¶19}** We conclude summary judgment in Crescent's favor was appropriate. None of the statutes cited by Stiner applied to Crescent. At the time of repossession of the vehicle, Stiner's account was in arrears; therefore, pursuant to the loan agreement, Crescent was within its rights to repossess Stiner's car.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR

## **APPENDIX**

Assignments of Error

I.   The trial court erred by denying the appellant, Carletha Stiner, due process and having the case presented in a court of law.   The trial court did not dismiss the case based on Crescent Bank & Trust's September 24, 2012 motion until April 5, 2013.   The appellant had submitted verifiable documents which clearly show the unfair, deceptive, and unconscionable acts displayed by the appellee in this case, especially Crescent Bank & Trust.   Trial courts historically tend to side with the lenders and this court did the same by ruling against the appellant on April 5, 2013.   The court set a trial date for April 3, 2013.   The appellant traveled from Orlando, Florida only to be told the judge was tied up with a criminal case and that the court had tried to contact the appellant via telephone.   On April 5, 2013, the appellant was notified the case was dismissed.

II.   The trial court erred in ruling the appellant was in "default" of payment since Crescent Bank & Trust received and deposited the April 2012 and partial May 2012 payment before repossessing the appellant's vehicle on May 29, 2012.

III.   Crescent Bank & Trust erred by violating Title 18 of the United States Code by conducting business in a predatory manner with unfair and deceptive wording in the loan agreement during the origination process. Predatory lending benefits the lender and ignores and hinders the borrower's ability to repay the debt, as the appellee's Crescent Bank 7 Trust, Consolidated Asset Recovery Systems, and Echo Recovery have demonstrated.   The predatory lenders typically target minorities, the poor, less education, and those with credit problems, all associated, whether accurately or falsely, with some type of mental condition.   The appellant, Carletha Stiner, falls in all four categories, which made the appellant, Carletha Stiner, an excellent target for predatory lenders like the appellees in this case.

IV.   The statutes authorizing relief and the infractions are listed in the table of   contents.